WEST INDIA OIL COMPANY, Plaintiff and Appellant, *v.* RAFAEL RAMÍREZ HOSTOS ET AL., Defendants and Appellees.

No. 5544.  Argued June 5, 1931.—Decided June 15, 1932.

*J. Carbia Miranda* for appellant.  *R. Muñoz Ramos* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellees subscribed the following document:

"We, residents of Bayamón, Puerto Rico, hereby constitute ourselves as sureties and principal obligors for Rafael Ramírez Hostos and in favor of the West India Oil Company, of San Juan, Puerto Rico, to the extent of one thousand dollars ($1,000), for goods purchased and received or which may be purchased and received by him or his agents from the aforesaid West India Oil Company.

"It is agreed that if Mr. Rafael Ramírez Hostos fails to pay the bills at maturity, we bind ourselves to pay immediately the total amount that the aforesaid gentleman may be owing to the said West

India Oil Company up to the said amount of one thousand dollars ($1,000) plus an additional sum of 20 per cent of this obligation for costs, expenses, and attorney's fees, in case the employment of an attorney becomes necessary in order to collect the amount owing, and accordingly, we assume liability *in solidum* waiving the benefits of exhaustion of the principal's property, order, division, and any other laws in our favor, including any defenses based on jurisdiction or domicile, and waiving also any notice to us by the West India Oil Company of the payment or non-payment of the bills at maturity by our principal.

"Bayamón, Puerto Rico, August 14, 1928.

(Sgd.) Rafael Ramírez Hostos,
　　　　Principal Obligor.

(Sgd.) Antonio Díaz,
　　　　Guarantor and principal obligor.

(Sgd.) Modesto Ruidíaz,
　　　　Guarantor and principal obligor.

(Sgd.) Fidel Cotto,
　　　　Witness."

The creditor corporation brought suit against the principal debtor and the two sureties to recover the sum of $744.96 as the balance of the open account from November, 1928, to April, 1929, arising from goods sold and delivered to the principal debtor. The defendants resisted the claim. From the evidence it appeared that the West India Oil Company made sales to Rafael Ramírez Hostos, the principal debtor, in excess of $1,000 and that the latter had paid at least up to that sum during the existence of the contract secured by the guaranty; and the district court applying the cases of *Cía. Industrial de Santurce* v. *Sánchez,* 21 P.R R. 178; *Succession of Valdés* v. *Acevedo,* 23 P.R.R. 684; and *Brunet, Sáenz & Co. Ltd.* v. *Aponte et al.,* 33 P.R.R. 509, dismissed the complaint as regards the two sureties. The plaintiff took an appeal from that judgment.

The plaintiff corporation does not challenge in this appeal the doctrine established in the cases cited by the court below, but it urges that the instant case differs from those cited as regards the terms of the guaranty, and that it was error not to

apply the holding in *Succrs. of Gamarra, S. en C.,* v. *Navarro,* 40 P.R.R. 716, in order to adjudge the two sureties as liable.

In the contract referred to in that case, the guarantor, Manuel Navarro, constituted himself as surety and principal obligor to the amount of $500 for goods which Pedro Hernández might purchase. The plaintiff alleged that according to a balance struck on November 29, 1925, Pedro Hernández was owing to him $1,311.51; the defendant averred that from July 20, 1925, when the contract of suretyship was made, until December 29 of the same year, Hernández paid on account to the plaintiff various sums aggregating $1,050, and that the obligation had thus become extinguished. After a trial *de novo,* the district court adjudged Navarro to pay $500, which judgment was affirmed by this Court on the ground that the surety having constituted himself into a principal obligor, he thereby became a codebtor at the time the obligation secured was to be performed.

The facts in the instant case are the same as those in *Succrs. of Gamarra, S. en C.* v. *Navarro, supra,* for in both cases the guaranty was not limited as to time, an amount was fixed as the limit of liability, payments were made by the principal debtor in excess of the limit of the amount so fixed, and the sureties constituted themselves into principal obligors.

The cases cited by the court below differ from the case at bar and from that of Gamarra, in that in the former the guarantors constituted themselves into mere sureties whereas in the latter, the obligation was subscribed by them as sureties and principal obligors.

By reason of the foregoing, the district court erred in not applying to the instant case the doctrine established in *Succrs. of Gamarra, S. en C.,* v. *Navarro, supra,* and on this ground, which is the only one urged in this appeal, the judgment appealed from must be modified in the sense of also adjudging Antonio Díaz and Modesto Ruidíaz to pay the plaintiff *in*

*solidum* the amounts stated in the judgment appealed from, without special imposition of costs.

Mr. Justice Córdova Dávila took no part in the decision of this case.

MR. JUSTICE WOLF, concurring.

When the case of *Succrs. of Gamarra, S. en C.,* v. *Navarro,* 40 P.R.R. 716, was before this Court, the writer was entirely in accord with the fundamental idea that the creditor had up to the whole amount limited by the contract a right to recover from a person who signed a paper writing as surety and principal payer. Likewise the writer was agreed that a person who signed as a principal payer could not generally rely on any defense that would have accrued to him by reason of being a surety; but the writer at the moment did not recall the position assumed by him when the *Brunet* case was decided. In the *Gamarra* case the principal matter in issue was that the defendants were responsible up to the amount of $500. Essentially I maintain that what was decided was that it made no difference that more than $500 worth of merchandise had been delivered to the debtor if the balance was that amount or less. In the *Brunet* case the writer dissented. The Court held that the obligation of the sureties was limited to the actual amount specified in the contract and that any merchandise in excess of that amount could not be recovered although the debtor had made partial payments reducing the balance below the amount specified in the contract. In the case before us we are holding that the West India Oil Company has a right to recover up to $1,000 despite the fact that merchandise in excess of that amount was delivered to the debtor. My contention is that the *Brunet* case and the present case on their essential facts are indistinguishable. If the contract says that the debtor and his sureties will be responsible up to the sum of $1,000, the intention is one thing. The intention is no different when a man signs both as surety and principal debtor. The limi-

tation is the same, in my opinion, in each case, and the principal debtors are responsible up to the amount of $1,000. In a similar case the sureties would limit their responsibility up to the sum of $1,000. The intention of the parties in each case is, from my standpoint, exactly the same. Let us suppose that the debtor in this case actually owed the creditor $1,500 or $500 in excess of the amount limited in the contract. Nevertheless, although a man signs as surety and principal debtor he can not be made responsible for more than the amount specified in the contract. The words "principal debtor" do not put him on a par with the actual debtor for all purposes, but only for the purposes of the contract.

When the intention is plain it should outweigh the strict construction to be put upon a contract of suretyship.

Therefore, I not only concur in the opinion of the majority but have more radical views in favor of the plaintiff. My idea in each case was and is that the debtor was desirous of obtaining a credit and the sureties and principal payers who signed with him had reason to understand that a credit up to the specified amount was given.